15 F.3d 1084
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Albert J. CROSBY; Randall C. Riffe; Roger Schmidt;
Richard Cole, et al., Plaintiffs-Appellees,
and
Federal Deposit Insurance Corporation; Bogle and Gates,
Plaintiff-Intervenors-Appellees,
v.
ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Defendant-Appellant.
Albert J. CROSBY; Randall C. Riffe; Roger Schmidt;
Richard Cole, et al., Plaintiffs,
and
James F. Tune, Paul W. Steere; Ronald T. Schaps, Esq.;
Bogle and Gates, Plaintiff-Intervenors-Appellants,
v.
ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Defendant-Appellee.
Albert J. CROSBY; Randall C. Riffe; Roger G. Schmidt, et
al.; Richard Cole; F. Douglas Ikegami; L. Dean
Echelbarger; Peter Lonetto; Derwin K.
Roupe; John W. Zevenbergen,
Plaintiffs-Appellants,
v.
ST. PAUL FIRE & MARINE INSURANCE COMPANY, a foreign
corporation, Defendant-Appellee.
 Nos. 92-35545, 92-35557 and 92-35585.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 15, 1993.
Decided Jan. 4, 1994.
 
 Before: GOODWIN, CANBY and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A. The burden of demonstrating mootness is a heavy one. Northwest Envtl. Defense Ctr. v. Gordon, 849 F.2d 1241, 1244 (9th Cir.1988). Even if one or more issues in an action become moot, we still may adjudicate the remaining live issues. See Super Tire Eng'g Co. v. McCorkle, 416 U.S. 115, 121-22 (1974).
 
 
 3
 The law firm, Bogle and Gates, was permitted to intervene and that ruling was not appealed. It is therefore the law of the case. Having become a party to the proceeding, the law firm has acquired a concrete stake therein: If it loses on the coverage issue, it will be collaterally estopped in a malpractice action from defending the reasonableness of Van Valkenberg's reading--and thus could be liable for substantial damages. See Bogle and Gates' Complaint In Intervention, RE 26. This is sufficient to keep the case from becoming moot.
 
 
 4
 B. We affirm the district court's conclusion that the directors and officers gave sufficient notice to secure coverage. While the policy could be read as St. Paul contends, it could also be read as Van Valkenberg read it: that is, to require notice "as soon as practicable." In so holding, we place particular weight on the presence of several notice provisions in the policy, which make it hard for the policy holder to know how to give proper notice. See Policy Insuring Agreements III(i), RE 1067 ("If, during the policy period, the Insured shall have knowledge ... and shall, during the policy period, give written notice thereof to the Company, then such notice shall be considered a claim hereunder...."); Policy Conditions 7, RE 1069 ("In the event of any occurrence likely to involve the indemnity provided under this Policy, written notice shall be given ... as soon as practicable."); Endorsement 2, RE 1077 ("Such right hereunder must, however, be exercised by the Named Insured by written notice not later than ten (10) days after such termination date."). We also rely on the testimony of St. Paul's own employees, who cast doubt on the reading their employer now offers, see RE 633, lines 1-15; RE 666, lines 11-25. If there is more than one plausible reading of the policy, Washington law requires us to choose the one most favorable to the insured. Transcontinental Ins. Co. v. Washington Pub. Utils. Dists. Util. Sys., 760 P.2d 337, 340 (Wash.1988). The district court did so; its decision was correct.
 
 
 5
 C. We reject Bogle and Gates' claim for attorney's fees. Olympic Steamship Co. v. Centennial Ins. Co., 811 P.2d 673 (1991), guarantees fees to the insured when making a claim under the policy. See id. at 681 ("We also extend the right of an insured to recoup attorney fees...."). The law firm is neither the insured nor is it making a claim under the policy.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3